IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| TERRY AVRIL MANN | § | |
| v. | § | CIVIL ACTION NO. 6:08cv62 |
| DIRECTOR, TDCJ-CID | § | |

### MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ENTERING FINAL JUDGMENT

The Petitioner Terry Mann, proceeding through retained counsel, filed this application for the writ of habeas corpus complaining of the legality of his conviction. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Mann was convicted of possession of a controlled substance on July 13, 2005, in the 402nd Judicial District Court of Wood County, Texas, receiving a sentence of life in prison. After unsuccessfully seeking relief on direct appeal and through the Texas state habeas corpus procedures, Mann filed this petition for the writ of habeas corpus in federal court. He alleged that the trial judge demonstrated actual bias as well as showing an appearance of bias, his life sentence was the result of "judicial vindictiveness" based on trial counsel's efforts to recuse the trial judge, and the sentence constituted cruel and unusual punishment. The Magistrate Judge ordered the Respondent to answer the petition, and Mann filed a response to the answer.

After review of the pleadings and the state court records, the Magistrate Judge issued a Report on March 16, 2009, recommending that the petition be dismissed. The Magistrate Judge concluded that Mann's claim of bias was unexhausted because he had relied exclusively on state law in the state proceedings but changed this to a reliance on federal law in the present petition, that his

1

claim of bias failed on its face, that his claim of judicial vindictiveness sought to create a new rule of constitutional criminal procedure on habeas corpus review and was thus barred by Teague v. Lane, 489 U.S. 288 (1989), that the vindictiveness claim also failed on its face, that the life sentence was not grossly disproportionate to the offense, and that this sentence was not grossly disproportionate to sentences given to other persons for the same or similar offenses in Wood County or other jurisdictions. The Magistrate Judge therefore recommended that relief be denied and that Mann be denied a certificate of appealability *sua sponte*.

Mann filed objections to the Magistrate Judge's Report on March 26, 2009. In these objections, Mann says first that the trial judge showed actual bias and should have been removed from the case. He states that he did raise federal due process claims in his state proceeding, and quotes from a paragraph from his brief to the state court of appeals; however, the only possible allusions to federal rights in this paragraph are in two separate sentences, one of which states that "if the ground alleged in the motion to recuse is bias, the bias must be of such a nature and to such an extent as to deny a defendant due process of law" (citing a Texas state case) and the other of which says that the defendant's burden of proof is satisfied if "the defendant establishes that the trial judge was biased to the extent that the bias would have interfered with the defendant's rights to due process" (citing the same Texas state case).

Although Mann says that his brief "made clear that he was contending that the failure to recuse the judge was a violate of his Federal due process based on the judge's bias," in fact this brief does nothing of the sort. As the Respondent points out, Mann's brief in state court relies entirely on state law cases; this brief does not even make clear that Mann is relying on federal due process rights rather than the right to due process which is guaranteed by the Texas Constitution, art. 1, sec. 19.

The Fifth Circuit has held that "a fleeting reference" to the federal constitution does not sufficiently alert and afford a state court the opportunity to address an alleged violation of federal rights, and that "vague references" to such concepts as due process and a fair rial do not fairly

2

present federal claims and thus do not serve to exhaust these claims. Wilder v. Cockrell, 274 F.3d 255, 260 (5th Cir. 2001). The Magistrate Judge accurately determined that any invocation of federal constitutional rights by Mann in the state court proceedings was too fleeting and vague to give the state court an adequate opportunity to address such rights. Mann's objections on this point are without merit.

Next, Mann says that the record "clearly demonstrates" that the trial judge was actually biased. Although the Magistrate Judge cited Buntion v. Quarterman, 524 F.3d 664 (5th Cir. 2008), a case in which habeas corpus relief was denied despite far more egregious behavior by the trial judge, Mann seeks to distinguish Buntion by arguing that the trial judge in that case was acting "bizarrely" and so the facts are so unlike the present case as to fail to give proper guidance. As the Magistrate Judge pointed out, the trial judge in Buntion, William Harmon: (1) commented in open court that "he was doing God's work in seeing that Buntion gets executed"; (2) placed a postcard depicting Judge Roy Bean, a famous Texas "hanging judge," on the bench, with the message altered to read "Judge Bill Harmon - Law West of the Perdernales"; (3) criticized in open court a decision by the Texas Court of Criminal Appeals regarding the presentation of mitigating evidence in capital cases and indicated that he would not follow that decision; (4) granted fifty additional peremptory strikes to the defense, and then withdrew this decision after *ex parte* consultation with two appellate lawyers from the District Attorney's office; (5) denied a mistrial after the Gillespie County Sheriff, acting as bailiff, commented to a juror during the punishment phase that "you look like you are dressed to kill today"; (6) threatened to remove a defense attorney named Scardino from the case, making statements to the press that defense counsel was "trying to derail the process," a threat which was not consummated because a state prosecutor and another attorney visited Judge Harmon at home and gave him a Court of Criminal Appeals decision prohibiting the arbitrary removal of counsel; and (7) participated in an incident in which Buntion's defense attorneys went to a convenience store around midnight, and after two of the attorneys had left, Judge Harmon approached the third one, Tanner, and accompanied him back to his hotel room. According to Tanner, Judge Harmon said that

he, the judge, would "accuse the defense attorneys of possessing drugs" if they continued to challenge his behavior; Judge Harmon admitted accompanying Tanner back to his hotel room, but denied making any threats.

Despite these actions by the trial judge, Buntion was denied federal habeas corpus relief, based on the "considerable amount of deference" owed to the findings of the state courts under the Anti-Terrorism and Effective Death Penalty Act of 1996. The Fifth Circuit held that Buntion's allegations did not amount to actual bias under established Supreme Court precedent such that the Court could conclude that the state court's decision was unreasonable.

The Magistrate Judge correctly stated that the actions of Judge Harmon in <u>Buntion</u> were far more egregious than those of the trial judge in the present case, and that as in <u>Buntion</u>, the federal courts are bound to give deference to the findings of the state courts; because it could not be said that the state court findings were based on an unreasonable determination of the fact or was contrary to or involved an unreasonable determination of federal law as determined by the Supreme Court, the Magistrate Judge recommended that this claim be dismissed. Mann's argument that the judge in <u>Buntion</u> was acting "bizarrely" and so the case is distinguishable is specious; bizarre or not, Judge Harmon's behavior in <u>Buntion</u> was much closer to showing actual bias than was the trial judge's behavior here. As in <u>Buntion</u>, the state courts' findings in the present case are entitled to deference, as the Magistrate Judge properly concluded. Mann's objections on this point are without merit.

Finally, with regard to judicial vindictiveness, Mann argues that he is not relying on the presumption of <u>Pearce v. North Carolina</u>, 395 U.S. 711 (1969), but rather on a showing of "actual vindictiveness." He says that the fact that a life sentence imposed even though the State had asked for a 40-year minimum, and that Mann suffers from heart disease, shows that the trial court "bore a grudge" and "possessed information impugning Mann's character that was never proven." He says that the imposition of the most severe sentence to "a sick man convicted of a relatively minor offense" bears "no explanation save judicial vindictiveness."

As a general rule, claims of judicial vindictiveness refer to the imposition of a harsher sentence upon re-trial. The Magistrate Judge noted that Mann pointed to no federal case law, nor did the Court's own research discover any, in which the imposition of a lengthy sentence following an unsuccessful recusal motion was held to be vindictiveness. It was for this reason that the Magistrate Judge determined that the claim was barred by Teague.

In addition, the Magistrate Judge pointed to objective factors in the record justifying the harsh sentence, including the facts that Mann's reputation for peaceful and law-abiding behavior was bad, and that this bad reputation extended back over 20 years, and that he had been convicted for sexually assaulting his step-daughter and that his two sons had been fathered by his step-daughter. Furthermore, observed that although Mann argued that a life sentence for possession of a controlled substance, which he termed "a relatively minor offense," could be explained only by judicial vindictiveness, the Magistrate Judge pointed to a number of other cases, in Wood, Smith, and McLennan County, in which individuals with convictions for the same or very similar offenses had also received life sentences.

In McGruder v. Puckett, 954 F.2d 313, 316 (5th Cir. 1992), the Fifth Circuit stated that in reviewing claims of disproportionality of sentence, the district court must make a comparison of the gravity of the offense against the severity of the sentence, and then if the sentence is grossly disproportionate, the court should compare the sentence given to sentences for similar crimes in the same jurisdiction and for the same crime in other jurisdictions.

In the present case, the Magistrate Judge concluded that Mann failed to show that a life sentence is grossly disproportionate to the offense of selling 13.52 grams of methamphetamine, and that a comparison of the sentences given for similar crimes in the same jurisdiction and for the same crime in other jurisdictions also did not show that the sentence was disproportionate. Mann's contentions that the crime was "relatively minor" and that he suffers from heart disease do not show that the Magistrate Judge's conclusions in this regard were in error. His objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the original petition, the answer filed by the Respondent, Mann's response thereto, the state court records, the Report of the Magistrate Judge, the Petitioner's objections thereto, and all other pleadings, documents, and records in the case. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the objections of the Petitioner are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. It is further

ORDERED that the Petitioner Terry Mann is hereby DENIED a certificate of appealability *sua sponte*. Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**SIGNED this 31st day of March, 2009.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE